UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RONNIE L. ROWE,
Plaintiff,

vs.

COUNTY COMMISSIONER
LES BOGGS, et al.,
Defendants.

Civil Action No. 1:12-cv-647
Weber, J.
Litkovitz, M.J.

ORDER AND REPORT AND
RECOMMENDATION

This matter is before the Court on plaintiff Ronnie Rowe's motion for leave to amend the complaint (Doc. 13) and the memorandum in opposition to plaintiff's motion for leave to amend filed by the Lawrence County defendants.[1] (Doc. 14). This matter is also before the Court on plaintiff's "Motion to Proceed" (Doc. 16).

Plaintiff, proceeding pro se, filed the original complaint in this action on August 24, 2012. (Doc. 1). He named as defendants a number of Lawrence County, Ohio officials and the "State of Ohio 1-99 John and Jane does." The Lawrence County defendants (hereafter "defendants") filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) on September 13, 2012. (Doc. 3). Plaintiff filed a response stating he was never served with the motion to dismiss.[2] (Doc. 5). Plaintiff filed an amended complaint on November 9, 2012, in which he substituted different Lawrence County officials for certain defendants and added two new Lawrence County officials as defendants. (Doc. 8). Subsequently, by Order of the Court (Doc. 9), defendants served the motion to dismiss the original complaint on plaintiff by regular

---

[1] The Lawrence County defendants are Bill Pratt, Freddie Hayes, Steven Burcham, Jason Stevens, Les Boggs, Jeff Lawless, Michael Patterson, and JB Collier.
[2] The Court subsequently determined that defendants failed to comply with the proof of service requirements under the Local and Federal Rules. (Doc. 9).

mail on November 16, 2012. (Doc. 10). Defendants filed a supplemental motion to dismiss the amended complaint for failure to state a claim for relief on November 20, 2012. (Doc. 11). The Court sent plaintiff a notice on November 21, 2012, notifying him the supplemental motion had been filed and that his failure to respond within 21 days could result in dismissal of his lawsuit pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. (Doc. 12). Plaintiff has not filed a response to the supplemental motion to dismiss to date. On January 14, 2013, nearly two months after defendants filed their supplemental motion to dismiss the amended complaint, plaintiff filed his motion for leave to file a second amended complaint. (Doc. 13). Plaintiff states that he received defendants' supplemental motion to dismiss on or about November 22, 2012. He requests 30 days to research and amend the complaint so that defendants "have a clear understanding of the claim." (*Id.* at 1). Plaintiff has not attached a proposed second amended complaint to the motion.

Defendants oppose plaintiff's motion for leave to amend the complaint. (Doc. 14). They argue that plaintiff has delayed the resolution of their motion to dismiss by failing to respond in a timely manner, and they argue he should not be permitted to further delay this matter by being granted leave to amend the complaint a second time. Defendants also contend that plaintiff has had ample time to conduct any necessary research concerning the basis for his claims. Finally, defendants assert it is clear from the original and amended complaints that plaintiff cannot obtain legal relief based on the facts alleged therein, so that any further amendment of the complaint would be futile.

The Federal Rules provide that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). "A district court has discretion in determining whether justice requires that [an] amendment be allowed." *Greenberg v. Life Ins. Co. of*

2

*Virginia,* 177 F.3d 507, 522 (6th Cir. 1999) (citing *Moore v. City of Paducah,* 790 F.2d 557, 559 (6th Cir. 1986)). Factors relevant to the Court's decision include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Coe v. Bell,* 161 F.3d 320, 341-42 (6th Cir. 1998) (citing *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)). Delay alone is an insufficient basis upon which to deny a motion to amend. *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999).

Applying the relevant factors in the present case, plaintiff should not be granted leave to file a second amended complaint. Although plaintiff has not submitted a proposed second amended complaint, it is clear from the allegations of the original and amended complaints that additional amendments to the complaint would be futile. Plaintiff does not allege that the amendment is necessary in order to make substantive changes to the amended complaint, only that he would like to conduct research and clarify the allegations of the amended complaint. Plaintiff has amended the complaint once already in response to defendants' motion to dismiss, and further attempts to clarify the allegations of the complaint would serve no purpose. Moreover, plaintiff has delayed these proceedings needlessly by failing to timely respond to defendants' supplemental motion to dismiss. He has not proffered a valid justification for his inaction. Plaintiff states that he wants to conduct additional research, but plaintiff knew, or should have known, the legal basis for his claims when he filed the original complaint. Because additional amendments to the complaint would be futile, and because further delaying the resolution of defendants' supplemental motion to dismiss would serve no purpose, the Court should deny plaintiff's motion for leave to file a second amended complaint.

Plaintiff filed a "Motion to Proceed" on March 1, 2013, in which he states that because he has not received a Court Order to date on his motion to amend, he assumes the Court has accepted "[his] complaint," it has not been dismissed for failure to state a claim for relief, and it establishes a basis on which legal relief can be granted. (Doc. 16 at 3). Plaintiff moves the Court to order defendants to respond to his complaint so that the case can proceed. Plaintiff also requests that the Court require defendants to hire "personal counsel" in place of counsel from the Lawrence County prosecutor's office because he believes it is improper for defendants to use county funds for their defense of this matter. (*Id.* at 1-2).

Plaintiff has not cited any legal basis for requiring defendants to retain different counsel to represent them in this matter. In addition, the Court has not granted plaintiff leave to file a second amended complaint, nor has plaintiff submitted a proposed second amended complaint. Defendants have responded to the amended complaint by filing a supplemental motion to dismiss. (Doc. 11). No further response is required at this point. Plaintiff therefore is not entitled to the relief he seeks in the motion to proceed.

Plaintiff has not filed a memorandum in opposition to the supplemental motion to dismiss to date. If leave to file a second amended complaint is denied, plaintiff should be granted a brief extension of time to file a response to the supplemental motion to dismiss.

4

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's motion to proceed (Doc. 16) be DENIED.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendants' motion to dismiss the complaint (Doc. 3) be DENIED as moot.

2. Plaintiff's motion for leave to amend (Doc. 13) be DENIED.

2. Plaintiff be granted twenty (20) days to respond to defendants' supplemental motion to dismiss (Doc. 11).

Date: 3/12/13

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RONNIE L. ROWE,            Civil Action No. 1:12-cv-647
    Plaintiff,                     Weber, J.
                                Litkovitz, M.J.

vs.

COUNTY COMMISSIONER,
LES BOGGS, et al.,
    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ronnie L. Rowe
142 Township Rd. 302
Ironton, OH 45638

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☑ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered      ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)
   7011 3500 0001 5345 5321

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540