UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RONNIE L. ROWE,
Plaintiff,

vs.

COUNTY COMMISSIONER
LES BOGGS, et al.,
Defendants.

Civil Action No. 1:12-cv-647
Weber, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

This matter is before the Court on defendants' supplemental motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 11), plaintiff's memorandum in opposition (Doc. 21), and defendants' reply memorandum (Doc. 22).

I. Background

Plaintiff, proceeding pro se, filed the original complaint in this action on August 24, 2012. (Doc. 1). He named as defendants a number of Lawrence County, Ohio officials and the "State of Ohio 1-99 John and Jane does." Plaintiff filed an amended complaint on November 9, 2012, in which he substituted different Lawrence County officials for certain defendants and added two new Lawrence County officials as defendants.[1] (Doc. 8). The Lawrence County defendants are County Commissioners Bill Pratt, Freddie Hayes, and Les Boggs; County Sheriff Jeff Lawless; County Clerk of Court Michael Patterson; County Prosecutor JB Collier; County Treasurer Stephen D. Burcham; and County Auditor Jason Stephens. Plaintiff brings his claims against all defendants in their personal capacity and "against official bond," with the exception

---

[1] Defendants filed their supplemental motion to dismiss the amended complaint for failure to state a claim for relief on November 20, 2012. (Doc. 11). Plaintiff was thereafter denied leave to file a second amended complaint and was granted additional time to file a response to the supplemental motion to dismiss. (Docs. 25, 26).

of defendants Burcham and Stephens, who are sued in their individual and official capacities. (*Id.* at 1-2).

Plaintiff's amended complaint is difficult to decipher. As best the Court is able to discern, plaintiff brings his action under 42 U.S.C. §§ 1983, 1985, 1986 and 1988, claiming violations of a number of federal constitutional provisions, and he further alleges violations of Ohio statutory and constitutional law. The complaint apparently arises from plaintiff's arrest, conviction and incarceration on an unspecified criminal charge. The gist of the amended complaint appears to be that defendants' acts of arresting and detaining plaintiff were invalid because defendants lack the necessary qualifications for holding office in Ohio.

The amended complaint includes the following allegations: Plaintiff was subjected to an unreasonable search and seizure when defendants unlawfully arrested and detained him in the Lawrence County jail pursuant to an invalid warrant. (Doc. 8 at 13-14). The warrant did not have the proper complaint and affidavit attached, and defendants did not take plaintiff before a magistrate for a probable cause determination. (*Id.* at 14). Plaintiff was apparently indicted by the grand jury, and he entered into a plea deal under duress and was incarcerated. (*Id.* at 6, 8).

Defendants, including the Lawrence County Sheriff and his deputies, lacked the necessary qualifications to arrest and detain plaintiff. (*Id.* at 7). The Lawrence County Prosecutor violated his duty to ensure that all officers were properly qualified to hold office, is attempting to cover up his dereliction of duties, and may be involved in criminal activities such as tampering with public records. (*Id.* at 5). All defendants have refused to perform their duties, thereby endangering the citizens of Lawrence County. (*Id.*). The County Prosecutor and County Commissioners are liable for the actions of all the agents "not properly in office and refusing their offices," in accordance with the Commissioners' handbook. (*Id.* at 6).

Plaintiff filed a petition for a writ of habeas corpus, which the Ohio Supreme Court denied without explanation. (*Id.* at 4-5; Doc. 8-1 at 12-15). Plaintiff also submitted a public records request to the defendant officers on or about May 4, 2012, under the Freedom of Information Act (FOIA), 5 U.S.C. § 551, *et seq.*, and Ohio Rev. Code § 149.43, seeking defendants' qualifications to hold office and a copy of the "original warrant, complaint and affirmation, oath, qualifications and bonds required by the Constitution of the United States and also the Constitution Ohio required before laying hands upon any person. . . ." (*Id.* at 4-5; Doc. 8-1 at 3-10). Defendants have refused to comply with the public records request by providing their qualifications to plaintiff. (*Id.* at 7, 8, 9). Plaintiff has not been shown the necessary qualifications but has been shown documentation that has been altered. (*Id.* at 4).

Plaintiff brings two causes of action. For his first cause of action, plaintiff alleges that defendants have failed to comply with his public records request; they lacked the necessary qualifications to hold office due to their failure to comply with Ohio statutory bond and surety requirements; the County Sheriff's deputies lacked authority to restrain plaintiff's liberty because the Sheriff was not properly qualified; the County Prosecutor refused to produce his oath and qualifications and thereby covered up the fact that most of the officers in the County are usurping their authority and committing crimes, and he "extort[ed] [plaintiff's] signature under the guise of a plea deal through threat, duress and extortion;" the County Clerk of Court has not produced the necessary oath and qualifications; and as the grand jury is an arm of the court, there is a question whether the grand jury was authorized to issue an indictment against him. (*Id.* at 6-10).

For his second cause of action, plaintiff alleges that defendants' actions violated his rights under federal and state constitutional law. (*Id.* at 10-11). Plaintiff alleges that defendants are retaliating against him for filing a prior lawsuit in this Court. (*Id.* at 10). Plaintiff alleges that

3

defendants have refused to "resolve the problems," they have been derelict in their duties to protect the people of Lawrence County, and they have conspired "as a group." (*Id.*). Plaintiff alleges that defendants and the State of Ohio violated his Fourth Amendment and due process rights by arresting, detaining and incarcerating him without a valid warrant, affidavit and complaint and without producing the necessary qualifications to hold office, and by misusing the grand jury as an investigative tool. (*Id.* at 10-11). Plaintiff alleges that defendants violated the FOIA, Ohio law, and their oaths of office, and he requests that defendants be required to retain personal counsel and not be permitted to pay for their defense with County funds. (*Id.* at 11).

Plaintiff seeks a declaratory judgment that: (1) defendants' actions constituted an unlawful restraint and unreasonable search and seizure in violation of the Fourth Amendment to the United States Constitution, and a violation of their oath of office and the Ohio Constitution as they lacked the necessary qualifications "as to form and content being no more than mere usurpers in office" (*Id.* at 12); (2) defendants' actions constituted an unlawful restraint and a violation of his Fourth, Fifth and Fourteenth Amendment due process rights as they lacked the necessary qualifications to search and arrest plaintiff; (3) defendants' actions constituted an unreasonable search, seizure and detention in violation of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments because defendants arrested and detained plaintiff without a valid warrant and in the absence of a probable cause determination; and (4) defendants deprived plaintiff of his life, liberty and happiness by unlawfully detaining him. (*Id.* at 12-13). Plaintiff also seeks compensatory damages in the amount of $75,000 per day or $33,750,000 for unlawful detention and restriction of his liberties, as well as punitive damages in the amount of $33,750,000. (*Id.* at 13). In addition, plaintiff asks the Court to take whatever action it deems appropriate with respect to the petition for a writ of habeas corpus and petition for a writ of

mandamus filed with the Ohio Supreme Court. (*Id.* at 14). Plaintiff also asks for an injunction "ordering Defendants to cease all further and future violations of unlawful acts in office and acts violating the U.S. Constitution, and the civil rights of Plaintiff and any other person." (*Id.*).

## II. Defendants' supplemental motion to dismiss

Defendants move to dismiss plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the ground the complaint fails to state a claim upon which relief can be granted. They allege that plaintiff's assertions against the various Lawrence County defendants are ambiguous and lack any factual basis. Defendants contend that although plaintiff generally states that his constitutionally protected rights have been violated, he has not stated how defendants' alleged violation of their oath of office infringes upon his constitutional rights.

In addition, defendants allege that plaintiff has not made factual allegations to support a claim that defendants have failed to comply with the surety or bond requirements of office holders set forth in the Ohio statutes cited in ¶¶ 14-21 of the amended complaint, or to show that defendants were not qualified to take action against plaintiff because they failed to produce their "oath in qualifications." (Doc. 11 at 4). Defendants further contend that plaintiff has not provided any factual context to support allegations made in the second cause of action that defendants took action against plaintiff in retaliation for filing a prior federal lawsuit; that defendants engaged in a conspiracy; or that defendants violated plaintiff's Fourth, Fifth and Fourteenth Amendment rights in any manner. Finally, defendants argue that plaintiff has not alleged any facts to support his claims that they violated the Ohio Constitution.

In response to defendants' motion, plaintiff emphasizes that his claims are premised on defendants' alleged lack of qualifications to hold office and their purported failure to produce their qualifications pursuant to his public records request. (Doc. 21). Plaintiff alleges that

defendants have violated the FOIA by failing to produce the necessary oaths and qualifications to hold office under both the United States and Ohio constitutions. (*Id.* at 4). Plaintiff alleges that he has "a right to determine whether or not all parties were properly qualified." (*Id.* at 5). He alleges that he has been "damaged by the actions of the county and the alleged officers usurping their authority upon [plaintiff]." (*Id.*). Plaintiff asserts that by failing to comply with his FOIA request to produce their qualifications, defendants have conceded that they lack the necessary qualifications for office. (*Id.* at 5-6). Plaintiff asserts that he is entitled to damages for wrongful incarceration because he is "now being held against [his] will, by extortion of [his] signature, false claims, intimidation and collusion." (*Id.* at 6). In addition, plaintiff alleges that the Lawrence County Prosecutor has damaged all residents of Lawrence County, including the remaining defendants to this action, as it is his responsibility to insure these defendants are properly qualified for their positions. (*Id.* at 7). Further, by way of explanation as to why the amended complaint references Article I, § 9, cl. 8 of the United States Constitution, which prohibits the United States from granting a title of nobility and precludes a United States office holder from accepting a gift from a king, prince or foreign state, plaintiff quotes a lengthy history of the provision and notes that defendants' counsel is "an Esquire." (*Id.* at 7-8). Finally, plaintiff requests that he be permitted to amend his complaint a second time if the Court finds the amended complaint to be deficient.

### III. Standard of review

To survive a Rule 12(b)(6) motion to dismiss, plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Furthermore, the plaintiff must provide in the claim "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555).

It is well-settled that a document filed pro se is "to be liberally construed," and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. . . ." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). However, the Sixth Circuit has recognized the Supreme Court's "liberal construction" case law has not had the effect of "abrogat[ing] basic pleading essentials" in pro se suits. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989). Courts are not required to devote time to a case when the nature of a pro se plaintiff's claim "defies comprehension." *Roper v. Ford Motor Co.*, No. 1:09cv427, 2010 WL 2670827, at *3 (S.D. Ohio April 6, 2010) (citation omitted), report and recommendation adopted, 2010 WL 2670697 (S.D. Ohio July 1, 2010). Where the allegations of the complaint "amount to nothing more than a stream of 'incoherent ramblings,'" dismissal pursuant to Rule 12(b)(6) is warranted. *Id.* (citation omitted).

### IV. Defendants' supplemental motion to dismiss should be granted.

Plaintiff's complaint provides no factual content or context from which the Court may reasonably infer that any defendant violated plaintiff's federal or state rights. Plaintiff's claims are premised largely on disjointed allegations that defendants failed to comply with statutory bond and other requirements imposed on county office holders under state law and failed to produce their qualifications pursuant to a public records request, and that an arrest, indictment, and detention of plaintiff were therefore unlawful. However, the amended complaint does not

include any factual allegations to support a viable claim that the Lawrence County defendants did not satisfy the statutory requirements for holding their positions or to show that any such failure led to a violation of plaintiff's constitutional or statutory rights. The allegations plaintiff makes to support such claims are largely incomprehensible and consist of a rambling recitation of statutory and constitutional provisions and conclusory allegations of unauthorized actions by defendants. These claims are insufficient to enable the Court to conclude that the amended complaint states a plausible claim for relief against any defendant.

Nor does plaintiff have a cause of action in this Court against defendants for failure to disclose public records under either the FOIA or Ohio Rev Code § 149.43, the Ohio Public Records Act. The FOIA applies only to federal and not state agencies, *Rimmer v. Holder*, 700 F.3d 246, 258-59 (6th Cir. 2012), and a mandamus action in state court is the appropriate procedure for compelling disclosure of specific records requested under the Ohio statute. *State ex rel. Beacon Journal Publishing Co. v. Bond*, 781 N.E.2d 180, 195 (Ohio 2002).

Finally, plaintiff's remaining claims must fail because he has not alleged sufficient facts to state a claim for violation of his constitutional rights. Insofar as plaintiff may be seeking relief for his allegedly unlawful arrest, detention and indictment based on an invalid warrant issued without probable cause and other irregularities, independent of the issue of whether defendants satisfied the qualifications for their positions, plaintiff is not entitled to such relief because the amended complaint tenders only "naked assertion[s]" devoid of "further factual enhancement" regarding his arrest and detention. *Twombly*, 550 U.S. at 555. The amended complaint includes no allegations concerning who arrested plaintiff; the circumstances of the arrest; the crime for which plaintiff was arrested; the criminal charge brought against him; who filed the charge; or any other facts to suggest that plaintiff's arrest, detention or indictment was unconstitutional.

8

Similarly, plaintiff's generalized claim that defendants acted in retaliation for his filing of a previous lawsuit in federal court is not supported by any factual assertions whatsoever.

For these reasons, the complaint fails to state a claim upon which relief may be granted against any defendant to this lawsuit. Plaintiff's disjointed and vague factual allegations and legal conclusions do not permit a reasonable inference that defendants violated plaintiff's constitutional or statutory rights in any manner. Plaintiff's claims against defendants should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). In accordance with the Court's previous Order denying plaintiff leave to file a second amended complaint on the ground that additional amendments to the complaint would be futile (Doc. 25), plaintiff should not be granted leave to file any additional amendments to the complaint.

## IT IS THEREFORE RECOMMENDED THAT:

Defendants' supplemental motion to dismiss the complaint (Doc. 11) be **GRANTED** and this case be **DISMISSED** from the Court's docket.

Date: 8/13/13

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

RONNIE L. ROWE,
    Plaintiff,

vs.

COUNTY COMMISSIONER,
LES BOGGS, et al.,
    Defendants.

Civil Action No. 1:12-cv-647
Weber, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ronnie L. Rowe
142 Township Rd. 102
Ironton, Ohio 45638

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☒ Agent
   ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered      ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7011 3500 0001 5345 9275

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540