UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RONNIE L. ROWE,

        Plaintiff,

v.                          Case No. 1:12-cv-647-HJW

COUNTY COMMISSIONER
LES BOGGS, et al,

        Defendants

### ORDER

Pending is the defendants' "Supplemental Motion to Dismiss" (doc. no. 11), which pro se plaintiff opposes. The Magistrate Judge entered a "Report and Recommendation" (doc. no. 31), recommending that the motion be **granted**, and that the amended complaint be dismissed. Plaintiff filed "Objections" (doc. no. 35), and defendants responded (doc. no. 36). Upon de novo review, and having fully considered the record, the Court agrees with the Magistrate Judge's recommendations, and will therefore **overrule** the objections and **grant** the motion to dismiss, for the following reasons:

**I. Review of Objections**

The Magistrate Judge Act, 28 U.S.C. § 631 et seq., provides for *de novo* review by the district court when a party timely files written objections. The objections must be *specific*; generalized objections that do not "specify the issues of contention" are not sufficient to satisfy the requirement of specific objections. Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995); Howard v. Secretary

1

**of HHS**, 932 F.2d 505, 508-09 (6th Cir. 1991); and see, e.g., <u>Holl v. Potter</u>, 2011 WL 4337038 (S.D.Ohio) (observing that general objections "are not sufficient to preserve an issue for review and a general objection to the entirety of the Report is the same as no objection"), aff'd by 506 Fed.Appx. 428 (6th Cir. 2012).

**II. Discussion**

As the Magistrate Judge has aptly observed, the plaintiff's amended complaint is "difficult to decipher," but "the gist of the amended complaint appears to be that defendants' acts of arresting and detaining plaintiff were invalid because defendants lack the necessary qualifications for holding office in Ohio." (<u>Id.</u> at 2). According to plaintiff, he was indicted by a grand jury and subsequently entered a guilty plea (although he claims it was "under duress"), and was then incarcerated. He contends in conclusory fashion that the defendants, including the Lawrence County Sheriff and his deputies, lacked the necessary qualifications to arrest and detain him, and committed an illegal search and seizure in doing so, but acknowledges that he "was intoxicated at the time of the alleged arrest and does not know facts and/or cannot remember" (doc. no. 35 at 4). On each count, plaintiff seeks "compensatory damages of $75,000.00 per day or not less than $33,750,000.00 . . . for unlawfully detaining myself" (doc. no. 8 at 10, ¶ 22). He seeks similar amounts for punitive damages. Although he is pro se, he asks for attorneys fees. (<u>Id.</u> at 13, ¶ i). Conspicuously absent from his complaint are any references to actual facts as to why he believes the officials of an entire county did not take their oaths of office.

2

Plaintiff refers to himself as a "natural person of flesh and blood" and as Ronnie Rowe "Sovereign." He indicates he has filed a writ of habeas corpus (see doc. no. 8-1 at 12, attached copy of petition filed in state court), as well as various requests under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 551, et seq., and Ohio Rev. Code§ 149.43, seeking information about the defendants' qualifications to hold office. In his amended complaint, he indicates he brings this action under 42 U.S.C. §§ 1983, 1985, 1986, 1988, and various other statutes and constitutional provisions.[1]

In his objections, plaintiff indicates in his own words that he:

> is trying to make it clear that the Common Pleas Court of Laurence County. Totally lacked JURISDICTION OVER THE SUBJECT MATTER, Due to the refusal of office and usurping of authority of certain alleged County Officials. The Constitution of the United States of America, and also the Constitution of Ohio are clear to the necessity of the oath of office and the necessary and required qualifications. If the defendants lacked even one required qualification it is considered a refusal of office I will make this very clear. It is not a vacancy of office. It is a refusal of office. All officers within Laurence County are conspiring to cover-up the fact that they are usurping authority in damaging the people of the county having personal liability due to lack of jurisdiction in the violations of due process rights. (doc. no. 35 at 3).

He attaches a copy of an alleged "Apostolic Letter Issued Motu Proprio" by Pope Francis regarding the "Jurisdiction of Judicial Authorities of Vatican City State in Criminal Matters," but fails to explain what significance the letter might have to

---

[1] Although plaintiff alleges that the Laurence County Sheriff must be qualified under Ohio R.C. § 3505.01 (doc. no. 8 at 7, ¶ 14), that statute governs the form of official ballots in generals elections, not sheriff's qualifications.

the present case. He also attaches a copy of the Supreme Court's opinion in <u>Monell v. New York City</u>, 436 U.S. 658 (1978) and the affidavit of his brother Harley Rowe, who asserts in conclusory fashion that he has "firsthand knowledge" that the defendants "are not properly qualified" and "are acting as usurpers" (doc. no. 35 at 5, ¶ 2). In his objections, plaintiff asserts that "the Common Pleas Court of Laurence County lacked jurisdiction over the subject matter" of his criminal case, that his constitutional rights were "violated by mere usurpers in office," and that the defendants "have not satisfied the statutory requirements for holding office" (doc. no. 35 at 5-6).

In this civil action under 42 U.S.C. § 1983 and related statutes, Rowe's assertion that the defendants did not take their oaths of office is entirely unsupported and legally unavailing. See, e.g., <u>Withers v. United States</u>, 2006 WL 5640831 (Fed.Cl. 2006) (dismissing pro se plaintiff's suit against government officials for allegedly violating their oaths of office). Even assuming that they did not properly swear an oath, it does not follow that the state court lacked subject-matter jurisdiction to convict plaintiff or that his conviction is thereby rendered invalid. Common pleas courts were created by the Ohio Constitution, Section 4(A), Article IV ("There shall be a court of common pleas and such divisions thereof as may be established by law serving each county of the state."). Their subject matter jurisdiction is conveyed by Ohio R.C. § 2931.03 ("the courts of common pleas have original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts

4

Case: 1:12-cv-00647-HJW-KLL Doc #: 37 Filed: 12/09/13 Page: 5 of 6 PAGEID #: 334

inferior to the court of common pleas.").

With respect to his request for damages, a plaintiff may not bring a § 1983 action seeking monetary damages on the basis of an allegedly unconstitutional conviction or sentence unless the plaintiff has already succeeded in having the conviction or sentence invalidated, which the present plaintiff has not done. Heck v. Humphrey, 512 U.S. 477, 487 (1994). Rowe also fails to understand that when a criminal defendant enters a guilty plea, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973).[2]

Plaintiff cannot divest a court of jurisdiction over his criminal conviction simply by declaring that he believes various officers did not swear an oath of office. See United States v. Conces, 507 F.3d 1028 (6th Cir. 2007) (rejecting demand by tax scheme promoter that the court ascertain "oaths of office," rejecting challenge to subject matter jurisdiction as frivolous, and holding him in civil contempt), cert. denied, 553 U.S. 1042 (2008). Courts have repeatedly rejected such theories. Id. at 1041, fn. 13 (observing that "websites in the nether regions of the Internet advocate . . . demanding . . . copies of various oaths. . . We hope . . that our opinion in this case will help speed the demise of this particular "urban legend"); United States v. Benabe, 654 F.3d 753 (7th Cir. 2011), cert.

---

[2] **To the extent Rowe claims his plea was made "under duress," and to the extent his garbled allegations could be construed as a petition for habeas corpus, he sets forth no basis for relief. See, e.g., Tobin v. Corwin, 2011 WL 6341177, *2 (W.D.Mich.) ("to the extent that petitioner challenges the state court's jurisdiction over his criminal case, he fails to state a claim upon which federal habeas relief may be granted").**

5

denied, 132 U.S. 1051 (2012) (criminal defendants declared themselves to be "sovereign citizens" and "flesh-and-blood human beings" not subject to court's jurisdiction; court observed that they had wasted valuable judicial resources with baseless claims and that such theories had been repeatedly rejected); <u>Coppedge v. Deutsche Bank Nat. Trust</u>, 511 Fed. Appx. 130 (3rd Cir. 2013) (rejecting § 1983 plaintiff's demand that each defendant "produce a Certified Copy of each of OATHS OF OFFICE with an attached Bond to PROVE they have legal and lawful standing to operate").

### III. Conclusion

Upon a *de novo* review of the record, including plaintiff's objections, the Court finds that the Magistrate Judge has accurately set forth the controlling principles of law and properly applied them to the facts of this case. The Court agrees with the Magistrate Judge's recommendations and hereby adopts and incorporates by reference herein, the Report and Recommendation of the United States Magistrate Judge (doc. no. 31).

Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (doc. no. 31); **OVERRULES** the plaintiff's "Objections" (doc. no. 35); and **GRANTS** the defendant's "Motion to Dismiss" (doc. no. 11). This case is **DISMISSED** and **TERMINATED** on the docket of this Court.

IT IS SO ORDERED.

    s/Herman J. Weber
Herman J. Weber, Senior Judge
United States District Court